NOTE: CHANGES MADE BY THE COURT (¶¶ 6, 13)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK SIMPSON,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY AARON SCHULTE (#1940) DEPUTY D. LOPEZ (#3638), DEPUTY T. REEVES, and DOES 1-10,<br><br>    Defendants. | Case No. 8:16-cv-02153-CJC-KES<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>*[Stipulation filed Concurrently Herewith]*<br><br>**MATTER FOR DETERMINATION BY THE HONORABLE KAREN E. SCOTT** |

# [~~PROPOSED~~] PROTECTIVE ORDER

The Court, having considered the parties' Stipulation for Protective Order, and GOOD CAUSE appearing, the requested Order is hereby GRANTED.

A Protective Order applying to confidential materials as defined by the parties' Stipulation is hereby issued pursuant to the terms of the parties' Stipulation, as follows:

1. <u>Confidential Material</u>: This Protective Order applies to all materials designated by either party as confidential due to privilege, privacy, or pending or potential criminal investigations or proceedings. All such material shall be designated by the party producing it as "Confidential Material Subject to Protective Order. USDC Case No. 8:16-cv-02153-CJC-KES," (hereinafter referred to as "the Confidential Material"). The use of any watermark or other means for designating documents as confidential shall not disrupt, distract, overlay, or obstruct the text of the document.

2. <u>Storage Of Confidential Material</u>: Immediately upon production by the Disclosing Party, attorneys for the Receiving Party shall personally secure and maintain the Confidential Material in their possession. The Confidential Material shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

3. <u>Limitation Of Use Of Confidential Material</u>: Confidential Material shall be used solely in connection with the preparation and trial of this case, USDC Case No. 8:16-cv-02153-CJC-KES, or any related appellate proceeding and not for any other purpose, including any other litigation. Attorneys for the Receiving Party shall not cause or knowingly permit disclosure of the contents of the Confidential Material in any manner, including orally, beyond the disclosure permitted under the terms and conditions of the Protective Order. Any such disclosure shall be construed as a violation of the Protective Order.

4. <u>Inadvertent Disclosure</u>: If the Disclosing Party inadvertently produces Confidential Material without designating it as such, it may be remedied by (1) promptly notifying the other party of the error; and (2) providing a substitute copy of the Confidential Material with a proper legend. In that event, the party receiving the inadvertently produced undesignated Confidential Material will: (1) return the previously produced Confidential Material and destroy all copies thereof; and (2) if the parties have already disseminated the Confidential Material to any person, the parties will notify all such persons in writing of the need to return such Confidential Material and not to further disseminate it.

5. <u>Limitations On The Non-Litigation Use Of Confidential Material</u>: The confidentiality of the Confidential Material exchanged during discovery shall be maintained and all Confidential Material exchanged will be used solely for the litigation of this entitled action. No Confidential Material or copies thereof, nor any transcript, quotation, paraphrase, summary, or other description containing Confidential Material shall be reproduced, disseminated, or disclosed to any person or use for any purpose except in accordance with the Protective Order or by further Order of the Court. Specifically, the Receiving Party may not use such documents, records, or other information (or the contents thereof) for any other purpose, including use as background material, or for inclusion in books, magazines, newspapers, media or other publications. The Receiving Party is prohibited from placing any of the Confidential Material on the internet.

6. <u>Court Filings</u>: If attorneys for Receiving Party deem it necessary to file or submit Confidential Materials to the Court in the course of litigation, prior to such disclosure, attorneys for the Receiving Party must first meet and confer with attorneys for Disclosing Party no later than three (3) business days prior to the date Receiving Party intends to file a document containing or referring to Confidential Materials. The parties must discuss the scope and nature of the Confidential Materials sought to be filed or submitted to the Court, including whether the

Confidential Materials must be submitted/filed with the Court *with an application to file them* under seal or may be submitted/filed after redacting sensitive and/or identifying information.

If the parties cannot reach an agreement governing the disclosure of Confidential Materials to the Court, the Receiving Party must apply to the Court pursuant to Local Rule 79-5.2.2(a) and (b) for a determinantion whether Confidential Materials may be submitted/filed under seal.

7. <u>Other Persons Authorized To Review Confidential Material</u>: The parties' attorneys of record, and their agents, are permitted to see originals and obtain copies of the Confidential Material covered by this Order. Also, Defendants, including officers, directors, employees, and experts thereof are permitted to review the Confidential Material. Additionally, expert witnesses and other individuals and entities that may be employed or retained by the parties to assist in the preparation and/or the litigation of this action are permitted to see originals and obtain copies of the Confidential Material covered by this Order, provided such experts and employees have first executed the written statement set forth in paragraph 8 below, and comply with the provisions of that section.

8. <u>Applicability Of Order To Other Persons</u>: Prior to the disclosure of any Confidential Material to any person described above, except when used in the context of a regularly noticed deposition, attorneys for the Receiving Party who seek to use or disclose such Confidential Material shall first provide any such person with a copy of this Order, and shall cause him or her to execute, on a second copy, which counsel shall thereafter serve on the Disclosing Party the following acknowledgment:

> "I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in this action and hereby agree to comply with and be bound by the terms and conditions of the said Order with respect to

the handling, use and disclosure of each Confidential Document. I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____        _____/s/_____."

This written requirement applies to, but is not limited to expert witnesses and other individuals and entities that may be employed or retained by counsel to assist in the preparation and/or the litigation of this action. The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.

9. <u>No Waiver Of Objections</u>: Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony. This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order. Nor does any party waive any privileges, including, but not limited to, the right to privacy, the investigatory files or official information privileges, applicable federal statutes, and Evidence Code §§ 1040, 1043, *et seq.*, Penal Code §§ 832.5, 832.7, 832.8, and Government Code §§ 3300, *et seq.*, by entering into this order.

10. <u>Subpoena For Confidential Material</u>: In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Material, the Receiving Party must give prompt written notice to the Disclosing Party. The Receiving Party shall inform the person or entity seeking the information of the existence of this Order and shall not produce the Confidential Material absent a Court Order requiring such production.

11. <u>Challenging Confidentiality Designations</u>:

11.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

11.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

11.3    The burden of persuasion shall be on the Challenging Party.  Unless the Disclosing Party has waived or withdrawn the confidentiality designation, the parties shall continue to afford the material in question the level of protection to which it is entitled under the Disclosing Party's designation until the Court rules on the challenge.

12.    <u>Modification</u>:  For good cause, any party may seek a modification of this Order, first by attempting to obtain the consent of the other parties to such modification, and then, absent consent, by application to this Court.

13.    <u>Return Of Confidential Material</u>:  No more than thirty (30) calendar days after the conclusion of this case the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Material *except the Court* shall return all originals, copies of the Confidential Material, and material derived therefrom, including, but not limited to, all log(s) of persons authorized to review the protected documents and the written statement(s) acknowledging the terms and provisions of this Order pursuant to paragraph 8 of this Order, to the Disclosing Parties care of:

**For Defendants:**

David D. Lawrence
Christina M. Sprenger
Haiyang Allen Li
LAWRENCE BEACH ALLEN & CHOI, PC
2677 North Main Street, Suite 370
Santa Ana, CA 92705

**For Plaintiff:**

Scott McDonald
1LAW
629 Camino De Los Mares, Suite 104a
San Clemente, CA 92673

Alternatively, the Receiving Party and every other person and/or entity who received originals or copies of the Confidential Material may destroy all such material and material derived therefrom within thirty (30) calendar days after the conclusion of this case. Additionally, within thirty (30) calendar days after the conclusion of this case, counsel for the Receiving Party shall send a signed declaration stating that such material has been destroyed pursuant to this protective order.

This case has concluded when (i) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (ii) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (iii) all available appeals have concluded or the time for such appeals has expired; and (iv) any post appeal proceedings have themselves concluded.

14. <u>Survivability Of Order</u>: This Order shall survive the termination of this action.

IT IS SO ORDERED.

Date: <u>March 05, 2018</u>

*Karen E. Scott*
_____
Honorable Karen E. Scott
United States District Judge